UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                                                      :

BRIAN COURTNEY WILSON and LOVE MUSIC   :    Civil Action No.
GROUP LLC D/B/A ACER                                :    COMPLAINT
                                     Plaintiffs,     :
                                                    :    Plaintiffs Demand
              -against-                    :    A Trial By Jury
                                                      :

KOBALT MUSIC SERVICES AMERICA INC.      :
                                  Defendant.     :
                                                      :
                                                      :
------------------------------------------------------------------- X

       Plaintiffs BRIAN COURTNEY WILSON and LOVE MUSIC GROUP LLC D/B/A

ACER (collectively "Plaintiff"), by its attorneys Brown & Rosen LLC, as and for their

Complaint against Defendant alleges as follows:

<u>JURISDICTION AND VENUE</u>

       1.      Federal Jurisdiction is predicated on diversity of citizenship, pursuant to

28 USC 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of

$75,000.00.

<u>PARTIES</u>

       2.      Plaintiff  BRIAN COURTNEY WILSON ("Wilson")  is a Texas resident.

       3.      Plaintiff  LOVE MUSIC GROUP LLC D/B/A ACER is a Texas entity

owned and operated by Wilson.

       4.      Defendant Kobalt Music Services America Inc ("KMSA") has an address

of 2 Gansevoort Street, 6th Floor New York, NY 10014. KMSA has a registered New York

entity **DOS ID:**3219657,  and its registered agent is CORPORATION SERVICE COMPANY 80

STATE STREET, ALBANY, NY, 12207.

1

<u>FACTS</u>

5.      In September 2018, Brian Courtney Wilson  and  Won't He Do It Music Publishing LLC d/b/a Won't He Do It Publishing ("WHDIP")   signed an administration contract relating to Wilson's musical compositions ("Contract 1").

6.      Defendant KMSA was identified by name in Contract 1 and administer Contract 1 for WHDIP pursuant to a contract between WHDIP and KMSA ("Contract 2").

7.      Wilson is an accomplished gospel writer and recording artist that previously signed a recording contract with Motown Gospel.  In 2009, Wilson's album "Just Love" peaked at No. 2 on the Gospel charts.  In 2012, Wilson's album "So Proud"  peaked at No. 1 on the Gospel charts. In 2015, Wilson's album "Worth Fighting For" peaked at No. 2 on the Gospel charts. In 2018, Wilson's album "A Great Work"  peaked at No. 3 on the Gospel charts. Wilson's music has received over 55 million streams  on Apple Music alone.






8.    Wilson's musical talents have earned him Grammy Award nominations, Stellar Award nominations  and Dove Award nominations.  Wilson has won two Dove awards including "Album of the Year" in 2015 for the album "Worth Fighting For".

9.    Contract 1 expired on September 2023, including all retention periods for WHDIP. Wilson's rights  reverted back to him in 2023.

10.    Despite the fact that Contract 1 expired in September 2023, including all retention periods, KMSA  illegally  collected  and converted  $85,473.02 from October 2023 through September 2024 of Wilson's money.

11.    Demand was made for KMSA to pay Wilson in May 2025 all the monies KMSA wrongfully collected and converted, however, KMSA has refused to do so. See Exhibit 1.


FIRST  CLAIM FOR RELIEF
(Conversion)

12.    Plaintiff repeats and realleges each and every prior allegation.

13.    To establish a cause of action in conversion, the Plaintiff must show (i) legal ownership or an immediate superior right of possession to specific identifiable personal property, and (ii) the defendant exercised an unauthorized dominion over the property in question to the exclusion of the plaintiff's rights. Korangy Publishing, Inc. v. Miceli, 2009 WL 586131, at *4 (N.Y. Sup. 2009); Five Star Bank v. CNH Capital America, LLC, 865 N.Y.S.2d 190, 192 (App. Div. 4 Dept. 2008).

14.    KMSA has taken, converted and utilized monies due Plaintiff for its own benefit. KMSA has  funded its operations, paid artists, paid employees with monies due and payable to Plaintiff.

3

15.     KMSA is aware of its use of monies due and payable to Plaintiff and refuses to pay Plaintiff. KMSA had a duty to pay Plaintiff and has failed to do so. Monies due Plaintiff have been converted for KMSA's use.

16.     Plaintiff has a superior right to the funds that KMSA unlawfully exercised dominion and control over to the detriment of the Plaintiff.

17.     As a direct and proximate result of Defendant's actions, Wilson has been damaged in an amount to be determined at trial, but in no event less than $85,473.02. Plaintiff is also entitled to recover emotional stress damages pursuant to New York conversion law and/or Texas conversion law.[1]

WHEREFORE, Plaintiffs demand a jury trial and judgment as follows:

(a)     on the first claim for relief an award of damages to Plaintiff in an amount to be determined at trial, but not less than $85,473.02, plus prejudgment interest thereon;

(b)     An award to Plaintiff of the costs and disbursements incurred in this action and legal fees; and,

(c)     Such other and further relief as the court deems just and proper.


Dated: New York, New York

      May 23, 2025

---

[1] Texas las and New York law relating to elements and proof for conversion are basically identical. Buffet Partners, L.P. v. Sheffield Square, L.L.C., 256 S.W.3d 920, 924 (Tex. App.--Dallas 2008, no pet.); El Paso Production Co. v. Valence Operating Co., 112 S.W.3d 616, 625 (Tex. App.--Houston [1st Dist.] 2003, pet. denied).

BRIAN COURTNEY WILSON and LOVE MUSIC
GROUP LLC D/B/A ACER
By their Attorneys,

*Christopher Brown*

_____
Christopher L. Brown
NYS Bar No. 2953891
Brown & Rosen LLC
Attorneys At Law
100 State Street, 9th Floor
Boston, MA 02109
617-728-9111 (T)
cbrown@brownrosen.com

# EXHIBIT 1

# BROWN & ROSEN LLC

### Attorneys At Law
### 100 State Street, Suite 900
### Boston, MA 02109
### 617-728-9111 (T)
### www.brownrosen.com

May 5, 2025

Kobalt Music Services America Inc (KMSA)
2 Gansevoort Street, 6th Floor
New York, NY 10014
info@kobaltmusic.com

RE:    Brian Courtney Wilson

Dear KMSA:

This office is counsel to Brian Courtney Wilson and the Love Music Group, LLC d/b/a ACER (collectively "Wilson"). Demand is made for the sum of $85,473.02 representing the money collected by KMSA and/or Won't He Do It Music Publishing LLC d/b/a Won't He Do It Publishing ("WHDIP")   from October 2023 through September 2024.  Failure to make payment by May 19, 2025, will result in litigation.

**<u>Facts</u>**

In September 2018, Wilson and WHDIP signed an administrative agreement that expired in September 2023 ("Contract 1").  See Exhibit A.  Upon information and belief, WHDIP and KMSA also executed an administration agreement that covered the musical compositions of Wilson ("Contract 2").  Contract 1 indicated that KMSA would be collecting the funds relating to Wilson.  Both WHDIP and KMSA have confirmed the existence of Contract 2 to Wilson.

Despite the fact that Contract 1 expired in September 2023, including all retention periods, KMSA and WHDIP illegally collected $85,473.02 belonging to Wilson from October 2023 through September 2024.  See Exhibits B-E. The actions of WHDIP and KMSA violated the rights of Wilson.

To make matters worse, WHDIP was dissolved  and did not exist after September 2023.  See Exhibit F. WHDIP as a dissolved entity in Georgia, ceased to exist and has no legal right to collect any funds and operate under the law. See O.C.G.A 14-11.

**<u>Breach of Contract</u>**

Under New York law, one who seeks to recover  as a third-party beneficiary of a contract must establish (1) that a valid and binding contract exists between other parties

1

(2) that the contract was intended for his benefit  and (3) that the benefit was direct rather than incidental.  See <u>Bd of Manager of the 130Fulton St. Condo v. Beway Realty, LLC</u> (2013) NY Slip OP 31182.

Wilson is an intended contractual beneficiary if one's right to performance is appropriate to effectuate the intention of the parties to the contract and either the performance will satisfy a money debt obligation of the promise to the beneficiary or the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance.  <u>Roosevelt Islanders for Responsible Southtown Dev. v. Roosevelt Is. Operating Corp.</u> (2001) 29 A.D. 2d 40, 57.

Contract 1 and Contract 2 were primarily and intentionally related to the music publishing of Wilson.  KMSA and  WHDIP were both involved in the collection and exploitation of Wilson's rights. There is no doubt that Wilson was a beneficiary of Contract 2.  Despite the fact that Contract 1 expired in September 2023, KMSA and WHDIP illegally collected at least $85,473.02 that belonged solely to Wilson.  Demand is hereby made for the funds to be paid by May 19, 2025.

### <u>Conversion</u>

To establish a cause of action in conversion, the Plaintiff must show (i) legal ownership or an immediate superior right of possession to specific identifiable personal property, and (ii) the defendant exercised an unauthorized dominion over the property in question to the exclusion of the plaintiff's rights. <u>Korangy Publishing, Inc. v. Miceli</u>, 2009 WL 586131, at *4 (N.Y. Sup. 2009); <u>Five Star Bank v. CNH Capital America, LLC</u>, 865 N.Y.S.2d 190, 192 (App. Div. 4 Dept. 2008).

KMSA and WHDIP had no right to collect any funds relating to Wilson after September 2023.  Despite the fact, KMSA and WHDIP unlawfully exercised dominion over Wilson money and intellectual property in violation Wilson's rights.  The sum of $85,473.02 is hereby demanded by May 19, 2025 in addition to $5,000.00 in legal fees.

Sincerely,
Brown & Rosen LLC
By:

Christopher L. Brown

# EXHIBIT A

*BW CH*
*9-24-2018*

## Administration Agreement

THIS AGREEMENT SHALL FORM A BINDING CONTRACT UNDER GEORGIA LAW BETWEEN THE PARTIES. THE SCHEDULES ATTACHED FORM AN INTEGRAL PART OF THE AGREEMENT FOR ALL PURPOSES. PLEASE NOTE THAT ANY DELAY IN COMPLETING THE INFORMATION SCHEDULES MAY DELAY THE REGISTRATION OF THE COMPOSITIONS AND THE COLLECTION AND PAYMENT OF MONIES RELATING THERETO.

The following will constitute the Agreement between WON'T HE DO IT MUSIC PUBLISHING, LLC D/B/A WON'T HE DO IT PUBLISHING(ASCAP) {ADMINISTRATOR} having an address at 2221 Peachtree Road NE Suite D 355 AND The Love Music Group, LLC o/b/o BRIAN COURTNEY WILSON D/B/A/ ACER(ASCAP) {OWNER} having an address at 1811 Villa Del Lago Drive Missouri City, Texas 77459

1. Owner hereby grants to Administrator the sole and exclusive right to administer, publish and exploit those "Compositions" (Schedule 1) to which Owner owns and or controls the copyright in whole or in part, or will own or control the copyright as aforesaid, during the term of this Agreement.

2. For purposes of this Agreement, the foregoing shall be deemed to be known as "Administration Rights."

3. Owner warrants and represents that it has the right to grant to Administrator the rights set forth herein.

4. The territories in which the administration rights are granted to Administrator shall be Worldwide.

5. Administrator shall have sole and exclusive right throughout the territory to exercise all administration rights granted herein, in and to the Compositions, which rights are to include, but not be limited to, copyrights and renewal rights (if such rights are required). Further, the right to register for copyright in Owner name those same compositions. Administrator agrees to register the Compositions with ASCAP or his present performing rights society.

6. Administrator shall have the following obligations with respect to the administration of the Compositions administered by it:

*BW*
*9-24-2018*
*CH*

    (a)  to  license and authorize others to license rights for use with respect thereto;

    (b)  to issue all licenses to third parties for the use of the musical compositions in any manner consistent with mutual party interest; Excluding the right to grant licenses for political purposes or X-Rated programs

    (c)  to enforce and protect mutual party interest in and to the musical compositions;

    d)  and to collect all royalties, fees and other income including any advance payments made against such income in connection therewith.

The foregoing shall apply to any Compositions Owner may own or control.

7.  Administrator further agrees to arrange for and collect all mechanical and performance fees as well as all synchronization fees from any users of the Compositions, regardless of when earned. In this connection, Administrator shall use reasonable efforts consistent with sound business judgment and practice to collect fees, royalties or other compensation properly owing with respect to the exploitation of the musical compositions during the term hereof, as same may be extended.

8.  Administrator agrees to use best efforts to actively exploit the musical compositions, the administration which has been granted herein and to arrange for the placement of same in films, TV programs, advertising campaigns and other media. Where possible, Administrator agrees to arrange for "cover versions" of the musical compositions by recording artists and to keep Owner's Compositions as active as possible.  In this connection, Owner agrees to submit all materials directly to Administrator so that it may attempt to secure the necessary placement.

9.  For and in consideration of the services to be rendered by Administrator in connection with the administration and other efforts for the Compositions which are covered by this Agreement, Owner agrees that Administrator shall have the right to retain from all monies paid and/or payable to Administrator in the exercise of those rights herein granted, sums equal to:

2



70% Owner / 30% Administrator for the entire territory for Mechanical, Print, Performance & Synchronization Pre-Recoupment

Post-Recoupment

78% Owner / 22% Administrator mechanical & print
80% owner / 20% Administrator Performance (on Publisher's share)
80% Owner / 20% Administrator Synchronization
80% Owner / 20% Administrator Co-Writes(save that the rate in respect of performance income shall be 70%/30%

    10.    This Agreement shall be for three (3) years ("Initial Period") from the date of execution of this Agreement.  Upon the termination of the Initial Term Administrator shall have the continuing right for a period of 2 years ("Retention Period") to collect any and all monies that may be due to Owner under this Agreement ("Collection Period").

    11.    (a)   As a fully recoupable advance against any and all sums otherwise becoming payable to Owner under this Agreement, Administrator shall pay to Owner the advance of Seventy Five Thousand Dollars ($75,000.00).(See Addendum A)

    12.    Owner warrants and represents that:

        (a)   all of the Compositions covered by this Agreement (See Schedule 1) shall be free from any third-party claims or rights alleged therein by any other person, firm, corporation or other entity;

        (b)   each composer and songwriter or entity controlling the copyrights of the Compositions covered by this Agreement, has had and will have the full right, power and authority to enter into this Agreement with Administrator and grant to Administrator those rights Owner is conveying to Administrator;

        (c)   all lyrics, music and other elements of the Compositions delivered herein shall be new and original and capable of copyright protection or in fact have been previously copyrighted by Owner and have previously been in our catalogue of music and that no part thereof shall be an imitation of copy of any other composition nor infringe upon any other copyrighted

3



work.

(D)    Owner confirms that Owner is a good standing member of ASCAP performing rights society and warrants that if at any time Owner's membership changes Owner will immediately notify Administrator of said change.

13.    Each Party herein hereby agrees mutually to indemnify each other, our employees, agents and assigns and hold each of the foregoing free and harmless from and against any demands, loss, damages, liability and expenses, including reasonable attorney's fees, as well as the cost of any suit resulting from any claim arising out of or in connection with any alleged breach of any of the foregoing representations and warranties, or either party's failure to perform any obligations, express or implied, under this Agreement.

14.    Administrator agrees to keep true and correct books of account and to report to Owner Quarterly (four (4) times) each year ("Royalty Statements", within 60 days of Kobalt accounting to Administrator, via digitally based efficient, accurate and transparent collections inclusive of any details with respect to the source of the payment to Owner of these royalties, less the sums deducted by Administrator pursuant to the terms of this Agreement.

15.    Administrator warrants that it will be in good standing with Kobalt Music Services America, Inc. throughout the term of this agreement of which rights granted within will be mutually subject to.

16.    Administrator warrants to provide support for disputes and duplicate claims, tracking and confirmation of registration data, product and licensing information.

17.    Any alleged and or actual breach by either party can be correctly rectified by either party within 30 days after being made known of the alleged breach via proper notice sent by certified U.S. Postal mail to the party's listed address herein this agreement.

All of the above constitutes the totality of this Agreement and the signatures below shall make it agreed to and binding by both

4

CH

parties.

Owner: _____          Date: _9-24-2018_

       The Love Music Group, LLC
       o/b/o Brian Courtney Wilson
       ACER - ASCAP
       20-4884589


AGREED TO AND ACCEPTED:

By: _____          Date: _9-24-18_

     Won't He Do It Music Publishing, LLC.
     (Won't He Do It Publishing - ASCAP

5



SCHEDULE 1

# Brian Courtney Wilson Catalog

| | | Percentage Pub | |
|---|---|---|---|
| Just Love | | | |
| | Just Love | 75% | |
| | No Other | 50% | |
| | Already Here | 100% | |
| | Believe | 100% | |
| | Waiting To Turn | 50% | |
| | Monday's Pain | 75% | |
| | The Only Way | 75% | |
| So Proud | | | |
| | Right Back | 100% | |
| | Closer | 100% | |
| | Grab and Hold | 100% | |
| | One Day At A Time | 50% | |
| | Storm In Mind | 100% | |
| | Perfect | 50% | |
| | Unspeakable Joy | 100% | |
| | You Are My King | 50% | |
| | So Proud | 100% | |
| Worth Fighting For | | | |
| | Stand My Ground | 60% | |
| | This Is The Day | 75% | |
| | Worth Fighting For | 60% | |



# Brian Courtney Wilson Catalog

| | | Percentage Pub | |
|---|---|---|---|
| | It Will Be Alright | 60% | |
| | It Will Be Alright (My Evidence) | 60% | |
| | I'll Just Say Yes | 90% | |
| | Nothing Occurs To God | 50% | |
| | Mindful | 50% | |
| | The Promise | 60% | |
| | Our God Is Good | 100% | |
| A Great Work | | | |
| | You Make Me Rich | 100% | |
| | One More Praise | 50% | |
| | Our Father Is Kind | 100% | |
| | Won't Let Go | 5% | |
| | Heal (Find A Way) | 100% | |
| | A Great Work | 70% | |
| | Increase My Faith | 50% | |
| | Thank You | 50% | |
| Street Gospel Volume 1 | | | |
| | After You Call His Name | 50% | |
| United Tenors | | | |
| | Come On Let's Pray | 5% | |

*BW*
*9-24-2018*
*CH*

ADDENDUM A


  Per Owner's request, the $75,000.00 (Seventy-Five Thousand)
advance will be divided into two payments. The first payment of
$5,000.00 (Five thousand dollars) upon execution of this
agreement. The balance/second payment of $70,000.00 (Seventy-
Thousand) will be deferred until January 4th, 2019.

8

# EXHIBIT B

| | |
|---|---|
| **Client Name:** | Won't He Do It Music Publishing, LLC |
| **Collection Period:** | Q4 2023 |
| **Currency:** | USD |
| **Agreement Id:** | AGR553818 |
| **Agreement:** | GA |
| **Agreement Type(s):** | Publishing Rights |

# Kobalt
## Commission Summary

**Kobalt Music Services America Inc (KMSA)**
2 Gansevoort Street
6th Floor
New York,NY 10014
United States
Tel: +1 (212) 247 6204
Fax: +1 (212) 247 6205

Email: info@kobaltmusic.com

| Description | Direct Licencing Collected Amount | Direct Licencing Percentage Commission | Direct Licencing Deducted Amount | Source Amount | Received Amount | % Distributed | Amount Distributed |
|---|---|---|---|---|---|---|---|
| Mechanical & Other - Territory 1 excl. US | | | | 284.960 | 284.960 | 85.000 | 242.216 |
| Mechanical & Other - Territory 2 | | | | 31.202 | 31.186 | 80.000 | 24.962 |
| Mechanical - US | | | | 5,186.569 | 5,186.569 | 90.000 | 4,667.913 |
| Mechanical - US - Direct Licencing Fee Applied | 7,240.122 | 5.000 | 362.006 | 6,878.116 | 6,878.116 | 90.000 | 6,190.305 |
| Performance excl. Grand Rights - Territory 1 excl. US | | | | 1,005.467 | 1,005.467 | 70.000 | 703.827 |
| Performance excl. Grand Rights - Territory 2 | | | | 46.653 | 46.645 | 60.000 | 27.992 |
| Performance excl. Grand Rights - US | | | | 11,513.734 | 11,513.734 | 80.000 | 9,210.987 |
| Print excl. Sourced - Territory 1 excl. US | | | | 8.695 | 8.695 | 85.000 | 7.391 |
| Print excl. Sourced - Territory 2 | | | | 2.244 | 2.244 | 80.000 | 1.795 |
| Print excl. Sourced - US | | | | 116.020 | 116.020 | 90.000 | 104.418 |
| Synch - World | | | | 28.460 | 28.460 | 80.000 | 22.768 |
| **Totals** | **7,240.122** | | **362.006** | **25,102.121** | **25,102.096** | | **21,204.574** |

Note:  The boxed item(s) indicate the value from which Kobalt commission is calculated

# EXHIBIT C

| | |
|---|---|
| **Client Name:** | Won't He Do It Music Publishing, LLC |
| **Collection Period:** | Q1 2024 |
| **Currency:** | USD |
| **Agreement Id:** | AGR553818 |
| **Agreement:** | GA |
| **Agreement Type(s):** | Publishing Rights |

# Kobalt
## Commission Summary

**Kobalt Music Services America Inc (KMSA)**
2 Gansevoort Street
6th Floor
New York, NY 10014
United States
Tel: +1 (212) 247 6204
Fax: +1 (212) 247 6205
Email: info@kobaltmusic.com

| Description | Direct Licencing Collected Amount | Direct Licencing Percentage Commission | Direct Licencing Deducted Amount | Source Amount | Received Amount | % Distributed | Amount Distributed |
|---|---|---|---|---|---|---|---|
| Mechanical & Other - Territory 1 excl. US | | | | 367.856 | 367.856 | 85.000 | 312.678 |
| Mechanical & Other - Territory 2 | | | | 6.656 | 6.621 | 80.000 | 5.325 |
| Mechanical - US | | | | 5,672.176 | 5,672.176 | 90.000 | 5,104.959 |
| Mechanical - US - Direct Licencing Fee Applied | 4,761.140 | 5.000 | 238.057 | 4,523.083 | 4,523.083 | 90.000 | 4,070.775 |
| Performance excl. Grand Rights - Territory 1 excl. US | | | | 486.801 | 486.801 | 70.000 | 340.761 |
| Performance excl. Grand Rights - Territory 2 | | | | 1.401 | 1.327 | 60.000 | 0.840 |
| Performance excl. Grand Rights - US | | | | 13,234.109 | 13,234.109 | 80.000 | 10,587.287 |
| Print excl. Sourced - Territory 1 excl. US | | | | 11.398 | 11.398 | 85.000 | 9.689 |
| Print excl. Sourced - Territory 2 | | | | 3.175 | 3.175 | 80.000 | 2.540 |
| Print excl. Sourced - US | | | | 229.704 | 229.704 | 90.000 | 206.734 |
| Synch - World | | | | 36.316 | 36.316 | 80.000 | 29.053 |
| **Total** | **4,761.140** | | **238.057** | **24,572.675** | **24,572.566** | | **20,670.641** |

Note: The boxed item(s) indicate the value from which Kobalt commission is calculated

# EXHIBIT D

| | |
|---|---|
| **Client Name:** | Won't He Do It Music Publishing, LLC |
| **Collection Period:** | Q2 2024 |
| **Currency:** | USD |
| **Agreement Id:** | AGR553818 |
| **Agreement:** | GA |
| **Agreement Type(s):** | Publishing Rights |

# Kobalt
## Commission Summary

**Kobalt Music Services America Inc (KMSA)**
2 Gansevoort Street
6th Floor
New York, NY 10014
United States
Tel: +1 (212) 247 6204
Fax: +1 (212) 247 6205
Email: info@kobaltmusic.com

| Description | Direct Licencing Collected Amount | Direct Licencing Percentage Commission | Direct Licencing Deducted Amount | Source Amount | Received Amount | % Distributed | Amount Distributed |
|---|---|---|---|---|---|---|---|
| Mechanical & Other - Territory 1 excl. US | | | | 386.721 | 386.721 | 85.000 | 328.713 |
| Mechanical & Other - Territory 2 | | | | 9.455 | 9.441 | 80.000 | 7.564 |
| Mechanical - US | | | | 6,888.535 | 6,888.535 | 90.000 | 6,199.682 |
| Mechanical - US - Direct Licencing Fee Applied | 5,230.659 | 5.000 | 261.532 | 4,969.126 | 4,969.126 | 90.000 | 4,472.213 |
| Performance excl. Grand Rights - Territory 1 excl. US | | | | 488.441 | 488.441 | 70.000 | 341.909 |
| Performance excl. Grand Rights - Territory 2 | | | | 4.004 | 3.997 | 60.000 | 2.402 |
| Performance excl. Grand Rights - US | | | | 5,590.062 | 5,590.062 | 80.000 | 4,472.050 |
| Print excl. Sourced - Territory 1 excl. US | | | | 36.060 | 36.060 | 85.000 | 30.651 |
| Print excl. Sourced - Territory 2 | | | | 13.879 | 13.879 | 80.000 | 11.103 |
| Print excl. Sourced - US | | | | 532.284 | 532.284 | 90.000 | 479.055 |
| Synch - World | | | | 33.961 | 33.961 | 80.000 | 27.169 |
| **Total** | **5,230.659** | | **261.532** | **18,952.528** | **18,952.507** | | **16,372.511** |

Note: The boxed item(s) indicate the value from which Kobalt commission is calculated

# EXHIBIT E

| | |
|---|---|
| **Client Name:** | Won't He Do It Music Publishing, LLC |
| **Collection Period:** | Q3 2024 |
| **Currency:** | USD |
| **Agreement Id:** | AGR553818 |
| **Agreement:** | GA |
| **Agreement Type(s):** | Publishing Rights |

# Kobalt
## Commission Summary

**Kobalt Music Services America Inc (KMSA)**
2 Gansevoort Street
7th Floor
New York, NY 10014
United States
Tel: +1 (212) 247 6204
Fax: +1 (212) 247 6205
Email: info@kobaltmusic.com

| Description | Direct Licencing Collected Amount | Direct Licencing Percentage Commission | Direct Licencing Deducted Amount | Source Amount | Received Amount | % Distributed | Amount Distributed |
|---|---|---|---|---|---|---|---|
| Mechanical & Other - Territory 1 excl. US | | | | 230.723 | 230.723 | 85.000 | 196.114 |
| Mechanical & Other - Territory 2 | | | | 10.847 | 10.837 | 80.000 | 8.677 |
| Mechanical - US | | | | 5,535.322 | 5,535.322 | 90.000 | 4,981.790 |
| Mechanical - US - Direct Licencing Fee Applied | 4,779.679 | 5.000 | 238.984 | 4,540.695 | 4,540.695 | 90.000 | 4,086.626 |
| Performance excl. Grand Rights - Territory 1 excl. US | | | | 249.883 | 249.883 | 70.000 | 174.918 |
| Performance excl. Grand Rights - Territory 2 | | | | 128.784 | 128.629 | 60.000 | 77.270 |
| Performance excl. Grand Rights - US | | | | 5,720.280 | 5,720.280 | 80.000 | 4,576.224 |
| Print excl. Sourced - Territory 1 excl. US | | | | 16.242 | 16.242 | 85.000 | 13.805 |
| Print excl. Sourced - Territory 2 | | | | 2.765 | 2.765 | 80.000 | 2.212 |
| Print excl. Sourced - US | | | | 345.950 | 345.950 | 90.000 | 311.355 |
| Synch - World | | | | 64.219 | 64.219 | 80.000 | 51.375 |
| **Total** | **4,779.679** | | **238.984** | **16,845.710** | **16,845.545** | | **14,480.366** |

Note: The boxed item(s) indicate the value from which Kobalt commission is calculated

# EXHIBIT F

Control Number : 18090250

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**CERTIFICATE OF ADMINISTRATIVE DISSOLUTION/REVOCATION**

I, Brad Raffensperger, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Won't He Do It Music Publishing, LLC**
a **Domestic Limited Liability Company**

was mailed a notice in accordance with Title 14 of the Official Code of Georgia Annotated and was involuntarily or administratively dissolved or its certificate of authority revoked by the Office of Secretary of State on 09/08/2023 for failure to file its annual registration, failure to maintain a registered agent or registered office in this state, and/or failure to submit payment for a dishonored fee payment or for fees, taxes, or penalties owed.

This certificate is issued pursuant to Title 14 of the Official Code of Georgia Annotated and is prima-facie evidence of the existence or nonexistence of the facts stated herein.

WITNESS my hand and official seal in the City of Atlanta
and the State of Georgia on  09/08/2023



Brad Raffensperger
Secretary of State